OPINION. Opper, Judge: The purpose of section 115 (g),[1] Internal Revenue Code, has been elaborated elsewhere, see Pearl B. Brown, Executrix, 26 B. T. A. 901, 906, affd. (C. A. 7), 69 F. 2d 602, certiorari denied 293 U. S. 570; Elwood W. McGwire, 32 B. T. A. 1075, affd. (C. A. 7), 84 F. 2d 431, certiorari denied 299 TJ. S. 591, and cases cited; and need not here be restated. Nor will it aid this inquiry to trace the plethora of cases cited by the parties in the search for a definite and useful yardstick determinative of its application.[2] It is abundantly clear from the facts that petitioners by retiring the notes payable indebtedness of Macnick, the partnership, preparatory to formation of Macnick, the corporation, intended to substitute themselves instead of the bank as creditors of the partnership and of the corporation. Contrary to the usual case involving section 115 (g) in which the initial capitalization effected a conversion of earned surplus or undivided profits into capital stock, cf., e. g., Flanagan v. Helvering (C. A. D. C.), 116 F. 2d 937, the securities in this case were issued to evidence the transfer to Macnick — via the partnership and by the retirement of the latter’s notes payable indebtedness — of $100,-000 by these petitioners. “* * * If the fund for distribution was a part of the capital contributed by the shareholders to be used in the actual business of the corporation, its distribution in whole or in part would of course be liquidation * * Hyman v. Helvering (C. A. D. C.), 71 F. 2d 342, certiorari denied 293 U. S. 570. Here was no preconceived plan to drain off fat profits accumulated over a period of years in the form of capital gain; but, to the contrary, applying any of the recognized tests, see James F. Boyle, 14 T. C. 1382, affd. (C. A. 3) 187 F. 2d 557, certiorari denied 342 IJ. S. 817, the present transaction was most analogous to the partial recovery by petitioner shareholders of capital loans which were found to be unnecessary although founded in sound business caution. “As the taxpayer may not, in view of the statute, avoid the tax by an artificial device of empty forms * * * so the Government may not * * * impose a tax merely because there has been a stock redemption, where the circumstances are free from artifice and beyond the terms and fair intendment of the provision.” Pearl B. Brown, Executrix, supra, 907. Because petitioners are willing to concede[3] ordinary income treatment as essentially tantamount to interest of the so-called premium of $2 received on retirement of each security, respondent’s determination to that extent is sustained without the necessity of extended discussion of that aspect of the controversy. Decision will be entered under Bule 50■ SEC. 115. DISTRIBUTIONS BY CORPORATIONS. [[Image here]] (g) Redemption op Stock.— (1) In general. — If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend. “* * * it is evident that whether certain transactions fall within or without the provisions of section 115 (g), supra, must be determined upon their particular facts and circumstances.” Elwood W. McGuire, supra, 1084. “Petitioners here agree that the $2.00 premium may be taxed to them in full either as interest or as an ordinary dividend * * Petitioners* brief, 18 — 19.